Bullard, J.
The City Bank of New Orleans, alleging its ownership of a certain town lot in Baton Rouge, in that part of the town laid out by A. Gras, which lot is designated on the plan of the town as No. 2, in square No. 5, having sixty feet front on Church street, by one hundred and twenty feet in depth, made opposition to the order of seizure and sale obtained by Denham against said lot, and procured an injunction to stay his proceedings. The Bank represents, that the lot in question was mortgaged to them, to secure the reimbursement of a loan of money; that it was regularly seized and sold to satisfy the debt due to the Bank; and that the Bank became the purchaser.
The seizing creditor, Denham, answers, that if the Bank had acquired any right or title to lot No. 2, in square No. 5, in that part of the town laid out by A. Gras, by virtue of the alleged sheriff’s sale made in virtue of an order of seizure and sale, at the suit of the plaintiffs against Amos Kent, they acquired the same, subject to the claim and special mortgage of the respondent ■for 81124 24 ; that the plaintiffs never had any legal mortgage on lot No. 2, in square No. 5, adverse to the respondent; that lot No. 2, in square No. 5, had been seized at the suit of the re *40 spondent against Hardy Cain, under a judgment against Amos Kent & Co., and sold on the-day of September, 1841, on a credit of one year; that, from the certificate of the Recorder of Mortgages, exhibited by the Sheriff, the plaintiffs in this suit had no privilege or special mortgage on lot No. 2, square No. 5, prior in date to the recorded judgment of the respondent.
In substance, the defence is, that in the mortgage to the Bank, the lot is described as No. 2, in square No. 9, instead of square No. 5, or, in other words, the identity of the lot with the one affected by the judicial mortgage of Denham, is denied; and, whether there be sufficient legal evidence of that identity, is the only question which the case presents.
In the mortgage given by Kent to the City Bank, the lot is described as No. 2, of square No. 9, measuring 60 feet front on Church street, by 120 in depth, in that part of the town of Baton Rouge laid out by A. Gras, being the same acquired by the said Kent from Joel Fulton, on the 23d day of April, 1838, by act passed before Charles W. Crawford, notary public for said parish. Now, it is shown, that there is no such square as No. 9, in that part of the town of Baton Rouge laid out by Gras. That part of the description is an impossible one, and was not calculated to mislead any one. If it were stricken out entirely, is not the lot otherwise sufficiently described? We think it is. It is No. 2, having a front of 60 feet on Church street. By recurring to the plan of that part of the town, in the office of the Parish Judge, it is found that there is but one lot No. 2 fronting on Church street, having a front of 60 feet, and that is in square No. 5. But the description does not end here. It is the same lot purchased of Fulton, by act before Crawford, of a particular date; and, on looking at that act, it is found to be No. 2, in square No. 5, instead of square No. 9, which has no existence. The defendant cannot complain that he has been misled by the erroneous description of the lot. His right, if any he has, arises from the recording of a judgment which operated equally upon all the real estate of Kent, and not from any conventional mortgage giving a correct description of the lot; nor is the certificate of the Recorder of Mortgages, that the Bank had no mortgage on lot No. 2, in square No. 5, entitled to any weight against the authentic *41 evidence now before us, showing that the lot was described with sufficient certainty, and in a manner not calculated to mislead or deceive any one.

Judgment affirmed.